UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: XYREM (SODIUM OXYBATE) ANTITRUST LITIGATION | Case No. 20-md-02966-RS |
| This Document Relates To: All Actions | **ORDER DENYING MOTIONS FOR SUGGESTION OF REMAND** |

Pursuant to Judicial Panel of Multidistrict Litigation ("JPML") Rule 10.1(b)(i), 28 U.S.C. § 1407, and Local Civil Rule 7-1, Plaintiff United HealthCare Services, Inc. ("United") and Plaintiffs Blue Cross and Blue Shield of Florida, Inc., and Health Options, Inc. ("Florida Blue") move for an order suggesting that the JPML remand their respective cases to the transferor courts from whence they came. Because this court, acting as transferee, has resolved all summary judgment and *Daubert* motions, United and Florida Blue (together, "Plaintiffs") contend that the pretrial proceedings for which their actions were transferred and coordinated have concluded.

Defendants Jazz Pharmaceuticals, Inc., Hikma Pharmaceuticals USA Inc., and their affiliates ("Defendants") oppose Plaintiffs' remand motions, arguing that pretrial proceedings remain ongoing. They specifically highlight anticipated "substantive motions *in limine* on issues related to those briefed in the parties' *Daubert* and summary judgment motions," which they say will go beyond questions about "whether specific evidence or testimony should be admitted at trial." Defs. Opp. Br., Dkt. No. 862 at 1–2.

Because pretrial proceedings remain ongoing, Plaintiffs' motion is denied. By law, the JPML must remand transferred actions to the transferor courts "no later than the conclusion of pretrial proceedings in the transferee court." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 36–37 (1998); *see also* 28 U.S.C. § 1407(a) (conferring MDL jurisdiction "for coordinated or consolidated pretrial proceedings"). Yet, courts have interpreted the phrase "pretrial proceedings" broadly so as to encompass, *inter alia*, motions *in limine*. *See* 15 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3866 (4th ed. 2024) ("Transferee courts may decide . . . .motions *in limine*[.]); *see also In re Parmalat Sec. Lit.*, No. 04-md-1653-LAK, 2007 WL 1169217, at *2 (S.D. N.Y. 2007) (transferee court ruling on motions *in limine*).

Plaintiffs cite *In re: Cathode Ray Tube Antitrust Litigation*, No. 07-cv-5944-JST, 2017 WL 8676440 (N.D. Cal. Apr. 5, 2017) for the proposition that pretrial proceedings conclude once *Daubert* and summary judgment motions are dispatched. Although that court granted motions to remand, it had previously ruled on various pretrial motions *in limine*. *See, e.g.*, *In re: Cathode Ray Tube Antitrust Litigation*, No. 07-cv-5944-JST, Dkt. No. 4982 (Oct. 26, 2016) (ruling on motions *in limine* pertinent to 10 transferee actions, prior to granting remand motions). Thus, contrary to Plaintiffs' arguments, the notion of a transferee court retaining antitrust actions through the resolution of common issues raised by motions *in limine* is hardly novel.

It is, however, more efficient—the entire point of MDLs. *See In re Korean Air Lines Co.*, 642 F.3d 685, 698 (9th Cir. 2011) (explaining that the function of MDL procedure is "to promote efficiency in a context involving the juggling of dozens or thousands of independent cases"). Even setting aside the motions *in limine* that Defendants anticipate, ongoing docket activity makes clear that this MDL action continues to concern questions common to the individual actions it comprises. *See* Dkt. No. 876 (Feb. 7, 2025) (motion to preclude Defendants from introducing certain evidence). Resolving common issues is "among the reasons for the existence of coordinated and consolidated pretrial proceedings," which "enable[] a single judge, who often is steeped in the intricacies of complex litigation, to bring that knowledge to bear and avoid[] inconsistent results in trial courts." *In re Parmalat Sec. Litig.*, 2007 WL 1169217, at *2.

1    Plaintiffs also highlight a stipulated briefing schedule from May 2024 in which the parties
2    agreed that their actions were subject to remand and "outside the scope of . . . the accompanying
3    schedule." Dkt. No. 687 at 2. Because the schedule featured dates for motions *in limine*,
4    Plaintiffs reason, Defendants' agreement that Plaintiffs' actions were "outside the scope"
5    effectively conceded that any such motions in Plaintiffs' actions would take place in the transferor
6    courts. Defendants respond that, following the continuance of the trial date, the earlier stipulation
7    is now moot. They also note the extent to which Plaintiffs participated in some of the pretrial
8    exchanges, contrary to the stipulated schedule. At bottom, Defendants say, they agreed only that
9    Plaintiffs may remand their case eventually—not that remand would follow whenever Plaintiffs
10   wanted.

11   The stipulated briefing schedule does not require remand. Ultimately, when "pretrial
12   proceedings have not been concluded, the question of whether remand is appropriate is left to the
13   court's discretion and generally turns on the question of whether the case will benefit from further
14   coordinated proceedings as part of the MDL." *In re Portfolio Recovery Assocs., LLC, Tel.*
15   *Consumer Prot. Act Litig.*, 2012 WL 1899798, at *1 (S.D. Cal. May 24, 2012). Whether
16   Defendants properly preserved their right to oppose Plaintiffs' motions is, frankly, irrelevant.
17   What matters is whether continued consolidation will benefit the case. Because it will, Plaintiffs'
18   motions are denied.

21   **IT IS SO ORDERED**.

23   Dated: February 28, 2025

     _____
     RICHARD SEEBORG
     Chief United States District Judge

United States District Court
Northern District of California

ORDER DENYING MOTIONS FOR SUGGESTION OF REMAND
CASE NO. 20-md-02966-RS

3